Jacob T. Zukerman, J.
This is a petition filed by the mother of two deaf children to provide transportation of such children to the Lexington School For The Deaf in Queens County from their home in Richmond County. The petition is filed under subdivision 1 of section 4403 of the Education Law and section 232 of the Family Court Act.
*704 The facts are these: Karl, age 15 and Paul, age 12 are both deaf children who have been students at the Lexington School for the Deaf, for four years and three years respectively. Up to about a year ago the school was located in Manhattan. Then it moved to Jackson Heights in Queens. Free bus transportation had, been provided by the Board of Education. But when the school moved to Queens, the board advised the parents that it could no longer provide transportation since the distance between the school and the home of the children was now 21.4 miles, 1.4 miles over the limit set by the State Commissioner of Education. The board offered, instead, to the children the facilities of Junior High School 47 at 243 East 23rd Street in Manhattan which provides schooling for deaf children. The parents object to this school since the children are accustomed to the Lexington School which it is conceded is one of the finest schools in the country. Furthermore, the parents maintain, that within a year, the older boy will have to go to high school. Junior High School 47 does not provide a high school education. The Lexington School does. Because the boys are handicapped, they would prefer that both travel together. They offer to bring the children to a point in Staten Island which is within the 20-mile area and to pick up the boys on their return. They claim there is one child now being transported from Staten Island to the Lexington School but admit he is within the 20-mile area. As it is, the mother has to drive the children to school and back, each day.
The board maintains it has no authority to provide transportation beyond the 20-mile limit and refers to Matter of Smith (2 Educ. Dept. Rep. 450, 451) which states that “ transportation for mentally retarded or physically handicapped children will not be ordered where the distance between the residence of such child and the school he legally attends as measured by the nearest available route is in excess of 20 miles ”. There was a similar decision in 1958 in Matter of McLaughlin (1 Educ. Dept. Rep. 151).
Under subdivision 1 of section 4403 of the Education Law, the State Commissioner of Education has the power and responsibility of approval of orders of the Family Courts for State aid. But before the Family Court may make such an order, it must know what the cost of transportation will be, for it must also consider whether the parent or guardians of the children shall pay all or part of the expenses. The board has not submitted the costs to the court, since it maintains it has no responsibility to provide transportation in situations such as these.
*705 It appears to me that this is a proper matter for an article 78 proceeding to be brought on the question of how reasonably the State Commissioner of Education has exercised his discretion in setting a 20-mile limit for purposes of reimbursement and as to whether the Board of Education should not be compelled to provide transportation in spite of the State Commissioner’s ruling either directly from the home of the children or from a point within the 20-mile zone. Unfortunately this court has no jurisdiction in these matters. All it can do is to determine whether the.,parents shall provide any portion of the expense involved in such transportation. . We have already indicated that we cannot do so until we know such costs.
This is indeed an example of how the failure on the part of a governmental agency to consider the social implications in a given case creates a situation which is most unfortunate. Might it not be reasonable to limit transportation not in terms of distance but in terms of city limits? Queens and Richmond Counties are both part of the City of New York and both within the school district operated by the Board of Education of the City of New York. How reasonable, how socially sound is it to consider mileage alone in a city which covers more than the figure set by the State Commissioner? Is it the fault of the children or their parents that the Lexington School was moved from one borough of the city to another? We agree that some limits do have to be set, but why set such limits within the school district itself, as is being applied here?
Because the Board of Education is offering to provide schooling and transportation for both children in a school in Manhattan and because at the present time, both boys are still in the grades covered by the Manhattan school, they can receive an education, which though it may not be as satisfying to the parents and children as in the Lexington School, still does meet their basic educational needs.
Accordingly, I am dismissing these petitions without prejudice to the rights of the petitioner to proceed in another court.
I would respectfully suggest to the Board of Education that they join with the petitioner herein in an application to the State Commissioner of Education for a modification of his rulings as they apply to the City of New York. Certainly the experienced educators who I know are vitally concerned with the welfare of the children of our. city do appreciate the importance to already handicapped children of established roots in a school they have been attending for so many years and are aware of the possible deleterious effect of a transfer at this point.